**Electronically Filed
Intermediate Court of Appeals
CAAP-15-0000677
30-NOV-2016
10:01 AM**

NO. CAAP-15-0000677

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


DOUGLAS S. CHIN, Attorney General of the State of Hawai'i,[1]
Petitioner-Appellee, v. WAILUKU MAIN STREET ASSOCIATION,
INC./TRI-ISLE MAIN STREET RESOURCE CENTER, Respondent-Appellant,
and THOMAS R. CANNON, Respondent


APPEAL FROM THE CIRCUIT COURT OF THE SECOND CIRCUIT
(S.P. NO. 12-1-0074(3))


SUMMARY DISPOSITION ORDER
(By: Fujise, Presiding Judge, Leonard and Reifurth, JJ.)

In an appeal arising out of a special proceeding in the
Circuit Court of the Second Circuit (Circuit Court)[2] that the
State of Hawai'i, Petitioner-Appellee David M. Louie, initiated
pursuant to an administrative investigation of a non-profit
corporation, namely Respondent-Appellant Wailuku Main Street
Association, Inc./Tri-Isle Main Street Resource Center (WMSA), a
non-party former attorney of WMSA, namely law firm Jenkins &
Jenkins, L.L.P. (Jenkins), appeals from the Circuit Court's
interlocutory Order on Receiver's Report, Accounting, and Request
for Instructions entered August 20, 2015 (Receiver's Report)
that, inter alia, expressly rejected Jenkins's claim for fees and
its corresponding self-declared attorney's lien.

---

[1]     Pursuant to Hawai'i Rules of Appellate Procedure (HRAP)
Rule 43(c)(1), Douglas S. Chin, the current Attorney General of the State of
Hawai'i is automatically substituted as Petitioner-Appellee herein in place of
David M. Louie.

[2]     The Honorable Joseph E. Cardoza presided.

On appeal, Jenkins argues the Circuit Court erred in its interlocutory Order on Receiver's Report, Accounting, and Request for Instructions to the extent that it adopted the receiver's argument that: (1) Hawaii Revised Statutes (HRS) § 414D-246 (2004)[3] time-barred Jenkins's claim because it was properly notified, its claim was properly rejected, and it failed to commence a proceeding within ninety (90) days; (2) WMSA's remaining funds derive from County of Maui grants that prohibited payment of legal fees and therefore could not have been used to pay Jenkins's fees; and (3) HRS § 507-81 (2006 and Supp. 2015)[4]

---

[3]     HRS § 414D-246 provides, in relevant part:

**Known claims against dissolved corporation.**  (a) A dissolved corporation may dispose of the known claims against it by following the procedure described in this section.

(b)     The dissolved corporation shall notify its known claimants in writing of the dissolution at any time after its effective date. The written notice shall:

(1)     Describe information that must be included in a claim;

(2)     Provide a mailing address where a claim may be sent;

(3)     State the deadline, which may not be fewer than one hundred twenty days from the effective date of the written notice, by which the dissolved corporation must receive the claim; and

(4)     State that the claim will be barred if not received by the deadline.

(c)     A claim against the dissolved corporation is barred:

(1)     If a claimant who was given written notice under subsection (b) does not deliver the claim to the dissolved corporation by the deadline; or

(2)     If a claimant whose claim was rejected by the dissolved corporation does not commence a proceeding to enforce the claim within ninety days from the effective date of the rejection notice.

[4]     § 507-81 provides, in relevant part:

**Attorney's lien upon actions and judgments.**  (a) An attorney has a lien upon:

(continued...)

2

was inapplicable to Jenkins's claim of attorney lien because it requires the attorney's service to result in an award.

After reviewing the parties' arguments, the record on appeal, and relevant legal authorities, we resolve Jenkins's points on appeal as follows and affirm.

The Circuit Court did not err in adopting the receiver's argument that claims were time-barred under HRS § 414D-246(c)(2). Jenkins argues that Receiver's January 21, 2014 email rejecting Jenkins's claim was not (a) a written notice under and (b) did not conform to the requirements of HRS § 414D-246(b), and thus could not have triggered the HRS § 414D-246(c)(2) requirement that Jenkins commence a proceeding to enforce the claim within ninety (90) days or the claim would be barred. Jenkins's argument is not supported by the plain language of HRS § 414D(c)(2).

---

[4](...continued)

(1)  Actions, suits, and proceedings after commencement of the action or arbitration proceeding;

(2)  Judgments, decrees, orders, settlements, and awards entered by the court or an arbitrator in favor of the client; and

(3)  Any proceeds paid in satisfaction of the judgment, decree, order, settlement, or award.

(b)  The lien shall be for:

(1)  The fees and compensation specifically agreed upon with the client;

(2)  The reasonable value of the services of the attorney, if there is no fee agreement;

(3)  Any costs advanced by the attorney; and

(4)  Any fees or commissions taxed or allowed by the court.

(c)  Except for tax liens, prior liens of record on the real and personal property subject to the lien created by this section, and as provided in section (d), the attorney's lien is superior to all other liens.

. . . .

(f)  To be enforceable under this section, a notice of claim of the attorney's lien shall be filed with the court or arbitrator, as the case may be.

"Statutory interpretation is a question of law reviewable de novo." State v. Wheeler, 121 Hawai'i 383, 390, 219 P.3d 1170, 1177 (2009) (internal quotation marks omitted).

> First, the fundamental starting point for statutory interpretation is the language of the statute itself. Second, where the statutory language is plain and unambiguous, our sole duty is to give effect to its plain and obvious meaning. Third, implicit in the task of statutory construction is our foremost obligation to ascertain and give effect to the intention of the legislature, which is to be obtained primarily from the language contained in the statute itself.

Id. (citations omitted).

HRS § 414D-246 provides a procedure for a dissolved non-profit corporation to dispose of known claims. The procedure is set forth in subsections (b) and (c) of the statute. HRS § 414D-246(b) specifies the content and timing of notice to known claimants. See note 2, supra. On October 23, 2013, Receiver emailed Jenkins asking it to provide the amount of its claim and all paperwork supporting that claim. Later that same day, Jenkins filed a Notice of Claim of Attorney's Lien and supporting documents with the Circuit Court, and served Receiver with copies by mail and facsimile.

Jenkins disputes whether email qualifies as written notice under HRS § 414D-246(b) (claim filing notice). Chapter 414D, HRS, provides that written notice may be communicated by telegraph, teletype, or other form of wire or wireless communication and is effective when received in a comprehensible form. HRS § 414D-15 (Supp. 2015).[5] Therefore, email is written

---

[5]     HRS § 414D-15 states, in relevant part:

**Notice.** (a) Notice may be oral, in the form of an electronic transmission as described in subsections (i) and (j), or written.

(b)     Notice may be communicated in person; by telephone, telegraph, teletype, or other form of wire or wireless communication; by mail or private carrier; or by electronic transmission as described in subsections (i) and (j)[.]

. . . .

(e)     Except as provided in subsection (d) [regarding notice to members], written notice, if in a comprehensible form, is effective at the earliest of the following:

(continued...)

4

notice under HRS § 414D-246(b) because it is a form of wired or wireless communication comprehensible when received.

Although Jenkins argues that Receiver's claim filing notice was deficient in content, the record does not contain a copy of Receiver's October 23, 2013 email and therefore it is not before us. State v. Hawaiian Dredging Co., 48 Haw. 152, 158, 397 P.2d 593, 598 (1964) ("It is elementary that an appellant must furnish to the appellate court a sufficient record to positively show the alleged error.") (citation omitted); Union Bldg. Materials Corp. v. Kakaako Corp., 5 Haw. App. 146, 151, 682, P.2d 82, 87 (1984); see also HRAP Rule 10(e)(2). On this record, we cannot say that the Receiver's notice was inadequate.

Moreover, even assuming the claim filing notice was defective, Jenkins's argument that HRS § 414D-246(c)(2) requires a HRS § 414D-246(b)-compliant notice in order to time-bar a late filing of a proceeding to enforce a claim is not supported by the plain language of the statute. While HRS § 414D-246(c)(1) specifies that if a claimant does not file a claim within 120 days of the "written notice under subsection (b)" the claim to the corporation is time barred, HRS § 414D-246(c)(2) states only,

> [i]f a claimant whose claim was rejected by the dissolved corporation does not commence a proceeding to enforce the claim within ninety days from the effective date of the rejection notice[, it is barred].

Thus, HRS § 414D-246 sets out two scenarios where a claim may be time-barred: the first, if a proper claim filing notice has been given but the claimant does not file a claim within 120 days of that notice and the second, where the claimant is notified that the claim has been rejected but the claimant does not commence an enforcement action within 90 days of the rejection notice. No

---

[5](...continued)

(1) When received;

(2) Five days after its deposit with the United States Postal Service, as evidenced by the postmark; provided the notice is mailed with the correct address and with first class postage affixed; or

(3) On the date shown on the return receipt, if sent by registered or certified mail, return receipt requested, and the receipt is signed by or on behalf of addressee[.]

requirements for a rejection notice are contained in the statute, and the requirements of HRS §414D-246(b) have no utility in the rejected claim context.

On January 21, 2014, Jenkins received Receiver's email that, inter alia, rejected its claim, stating "I also conclude that you are not entitled to any additional payments from the WMSA."

Under the plain language of HRS §§ 414D-15 and -246, Receiver followed the process provided by the statute to extinguish known claims to the corporation: (1) Jenkins filed a claim; (2) Receiver rejected Jenkins's claim; and (3) the time-bar became operative when Jenkins did not commence a proceeding within ninety (90) days of rejection.

Based on the foregoing, it is unnecessary to address Jenkins's other arguments.

For the foregoing reasons, the August 20, 2015 interlocutory Order on the Receiver's Report, Accounting, and Request for Instructions entered by the Circuit Court of the Second Circuit is affirmed.

DATED: Honolulu, Hawai'i, November 30, 2016.

On the briefs:

J. Kevin Jenkins,
for Respondent-Appellant.

Matson Kelley,
for Interested Party-
Creditor/Appellee
Starr Properties, LLC.

Presiding Judge

Associate Judge

Associate Judge